EC FILED LODGED
RECEIVED
MAY 15 2000
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEWEY E. SIGO,

Plaintiff,

v.

PUYALLUP TRIBE OF INDIANS, et al.,

Defendants.

Case No. C00-5199RJB

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY OF CONCLUSIONS

Plaintiff, who is currently confined at the Pierce County Jail in Tacoma, Washington, filed a civil rights complaint and has been granted leave to proceed in forma pauperis. Charges are pending in a criminal matter in Puyallup Tribal Court. Plaintiff claims he is being denied the right to have an attorney appointed to represent him, and he also challenges the facts that led to the current charges pending against him. The complaint and documentation submitted by plaintiff were reviewed under the screening provisions of 28 U.S.C. §1915A. This court has not jurisdiction over a civil rights action under 42 U.S.C. § 1983. If petitioner wishes to file a petition for writ of habeas corpus, he may not do so at this time because he has not exhausted his tribal remedies. Because he has not set forth a sufficient legal basis for his claims, plaintiff's action and complaint should be dismissed as frivolous and for failure to state a claim under 28 U.S.C.§ 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The dismissal should be without prejudice only to the extent petitioner may file a petition for writ of



8

habeas corpus after he has exhausted all of his tribal and judicial remedies.

## PROCEDURAL HISTORY AND ALLEGATIONS

Plaintiff, an inmate at the Pierce County Jail, filed a civil rights complaint on April 6, 2000 and is proceeding in forma pauperis. He claims proceedings are pending against him in Puyallup Tribal Court for criminal charges. He has named as defendants the Puyallup Tribe of Indians, Puyallup Tribal Council Members, a contract psychologist, and various individuals involved with the criminal case. At the time he filed his complaint, he had not yet been convicted on the criminal charges.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court shall dismiss an in forma pauperis complaint at any time, including before service of process. 28 U.S.C. §1915A and 28 U.S.C. § 1915(e)(2). See also Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987).

The Indian Civil Rights Act (ICRA) provides no federal cause of action in civil cases, except for habeas corpus. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978); R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 981 (9th Cir.1983) ("[W]e have recognized that the Santa Clara Pueblo holding 'foreclose[s] any reading of the [Act] as authority for bringing civil actions in federal court....' ") (citation omitted), cert. denied, 472 U.S. 1016 (1985). This court therefore has no jurisdiction over this civil rights action.

To the extent plaintiff has any judicial remedy, that remedy lies in the writ of habeas corpus. The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe. 25 U.S.C. § 1303. Generally, tribal remedies, which are formal, available, and not futile, are required to be exhausted before a petition for habeas corpus is entertained by the federal court. Necklace v. Tribal Court of Three Affiliated Tribes of Fort Berthold Reservation, 544 F.2d 845 (9th Cir. 1977); Selam v. Warm Springs Tribal Correction Facility, 134 F.3d 948, 954 (9th Cir. 1998); Greywater v. Joshua, 846 F.2d 486 (8th Cir. 1988); Lyda v. Tah-Bone, 962 F.Supp. 1434 (Utah 1997); Wounded Knee v. Andrea, 416

F.Supp. 1236 (D.C. 1976).

Plaintiff has not at this point been convicted by the Puyallup Tribal Court. He has not had an opportunity to pursue his tribal court appellate remedies, to the extent they exist, or his remedies for appeal or habeas relief. Before plaintiff may file a petition for writ of habeas corpus, he must exhaust the tribal court and appellate remedies.

Plaintiff's claims lack an arguable basis in law and are frivolous under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

CONCLUSION

Plaintiff is foreclosed from pursuing a civil rights action by the Indian Civil Rights Act. Any attempt to file a petition for writ of habeas corpus is foreclosed at this time because plaintiff has not yet been convicted, and even if he has been convicted in the interim, plaintiff has not shown he has pursued appellate remedies. The complaint is frivolous and fails to state a claim for purposes of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The complaint should be dismissed with prejudice as to plaintiff's civil rights claim. Plaintiff may proceed with a habeas action only after he has exhausted his appellate remedies. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of May, 2000.

J. Kelley Arnold
United States Magistrate Judge